IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAN RISK RETENTION GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>PADI AMERICAS, INC., PADI WORLDWIDE CORPORATION, NAUI SERVICES GROUP, INC., NATIONAL ASSOCIATION OF UNDERWATER INSTRUCTORS, INC., SCUBATOYS ENTERPRISES, LLC, SCUBA RANCH AND RECREATION PARKS, LLC d/b/a SCUBA RANCH, GREGORY KNAUER, JONATHAN ROUSSEL, JOSEPH JOHNSON, and WILLIAM ARMSTRONG,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:26-cv-01976-L |

**DEFENDANT SCUBA RANCH AND RECREATION PARKS, LLC D/B/A THE SCUBA RANCH'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant Scuba Ranch and Recreation Parks, LLC d/b/a The Scuba Ranch ("Scuba Ranch"), by and through its undersigned counsel, respectfully submits the following answer and counterclaim to the Original Complaint for Declaratory Judgment (the "Complaint") filed by DAN Risk Retention Group, Inc. ("DAN") and states as follows.

## I. INTRODUCTION

1. Scuba Ranch admits that it has been sued for negligence, gross negligence, wrongful death, survival, and premises liability in the underlying lawsuit, Cause No. DC-26-01736, but it denies any liability under any cause of action in the underlying lawsuit. Scuba Ranch

further claims that it has coverage under the CGL policy issued to it by DAN. Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 1 of the Complaint.

2. Scuba Ranch denies that DAN is entitled to any relief that it seeks against Scuba Ranch.

## II. PARTIES AND SERVICE

3. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 3 of the Complaint.

4. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 4 of the Complaint.

5. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint.

6. Scuba Ranch admits that PADI is an acronym for "Professional Association of Diving Instructors." Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 6 of the Complaint.

7. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint.

8. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 8 of the Complaint.

9. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint.

10. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Scuba Ranch admits that Scuba Ranch and Recreation Parks, LLC, d/b/a The Scuba Ranch is a domestic limited liability company organized under the laws of the state of Texas. Scuba Ranch denies that its principal place of business is located at 7525 Sunset Blvd., Rowlett, Texas 75088. Scuba Ranch admits that Michelle Chumley is its registered agent for service of process, but it denies that it can be served at 2404 Racheal Dr., Heath, Texas 75032. Scuba Ranch admits that Michelle Chumley is its Managing Member and that she is domiciled in Texas. Scuba Ranch further admits that Reagan Dawson is a Member domiciled in Texas, but Scuba Ranch denies the remaining allegation of paragraph 11 of the Complaint.

12. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 12 of the Complaint.

13. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 13 of the Complaint.

14. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 14 of the Complaint.

15. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 15 of the Complaint.

## III. JURISDICTION AND VENUE

16. Scuba Ranch does not object to jurisdiction.

17. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 17 of the Complaint.

18. Scuba Ranch admits that the court has personal jurisdiction as to Scuba Ranch, but it lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 18 of the Complaint.

19. Scuba Ranch admits that the court has personal jurisdiction over Scuba Ranch because it alleges it is entitled to insurance coverage from DAN under a policy of insurance procured by and issued in Texas to it. Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 19 of the Complaint.

20. Scuba Ranch does not object to venue.

21. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 21 of the Complaint.

## IV. FACTUAL BACKGROUND

### A. The DAN Policies

22. Scuba Ranch admits that Policy No. GL 112-124624 issued to Scuba Ranch for the policy period of July 1, 2025 to July 1, 2026 is at issue in this lawsuit. Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 22 or the associated footnote of the Complaint.

23. Scuba Ranch lacks sufficient knowledge to admit or deny that the pertinent language of each of the CGL policies is substantially identical or that each policy provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of Bodily Injury or Property Damage," pursuant to its terms, conditions, and exclusions. Scuba Ranch admits that its CGL policy contains the language quoted in paragraph 23 of the Complaint. Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 23 of the Complaint.

24. Scuba Ranch admits that the policy language has been quoted correctly for Policy No. GL112-124624, but denies that the exclusion is applicable to Scuba Ranch. Scuba Ranch admits that it is named as an additional insured under the Scuba Toys Policy No. GPL111-123813

and Knauer Policy No. PL111-119543. Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in either paragraph 24 on the bottom of page 6 of the Complaint and the associated footnote on the same page, or paragraph 24 on the top of page 7 of the Complaint.

25. Scuba Ranch admits that the policy language has been quoted correctly for the Scuba Toys Policy No. GPL111-123813 and Knauer Policy No. PL111-119543. Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 25 of the Complaint.

26. Scuba Ranch admits that the policy language has been quoted correctly for the Scuba Toys Policy No. GPL111-123813 and Knauer Policy No. PL111-119543. Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 26 of the Complaint.

27. Scuba Ranch admits that the policy language has been quoted correctly for the Scuba Toys Policy No. GPL111-123813 and Knauer Policy No. PL111-119543. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 27 of the Complaint.

28. Scuba Ranch admits that the policy language has been quoted correctly for the Scuba Toys Policy No. GPL111-123813 and Knauer Policy No. PL111-119543. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 28 of the Complaint.

**B. The Underlying Lawsuit**

29. Scuba Ranch admits that it has been sued for negligence, gross negligence, wrongful death, survival, and premises liability in the underlying lawsuit, but denies the allegations. Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 29 of the Complaint.

30. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 30 of the Complaint.

31. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 31 of the Complaint.

32. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 32 of the Complaint.

33. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 33 of the Complaint.

34. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 34 of the Complaint.

35. Scuba Ranch denies that it is a "dive facility," but admits that it is a "Recreational Facility" member of PADI Retailer and Resort Association ("PADI RRA"). Scuba Ranch denies that it is a "global recreational and diving membership and training organization." Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 35 of the Complaint and the associated bullet points.

36. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 36 of the Complaint and the associated bullet points.

37. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 37 of the Complaint.

38. Scuba Ranch admits that it is a Recreational Facility member of PADI Retailer and Resort Association ("PADI RRA"). Scuba Ranch denies that it "is required to adhere to PADI Standards and is obligated to assess water conditions and visibility on a daily basis, and to exercise continuous and sound judgment before allowing scuba training to be undertaken at its facility."

Scuba ranch further denies that “if water conditions and visibility are poor, The Scuba Ranch is obligated to lower instructor to student ratios at its facility.” Scuba Ranch also denies that it is “required to follow PADI Training Standards and procedures.” Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 38 of the Complaint and the associated bullet points.

39. Scuba Ranch denies that its facility has “continuous ‘poor visibility and water conditions’ not suitable for entry-level divers.” Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 39 of the Complaint and the associated bullet points.

40. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 40 of the Complaint and the associated bullet points.

41. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 41 of the Complaint.

42. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 42 of the Complaint.

43. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 43 of the Complaint and the associated bullet point.

44. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 44 of the Complaint.

45. Scuba Ranch admits that the allegations are quoted correctly but denies all liability for any of the allegations.

46. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 46 of the Complaint.

47. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 47 of the Complaint.

48. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 48 of the Complaint.

49. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 49 of the Complaint.

50. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 50 of the Complaint.

51. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 51 of the Complaint.

**C. The CGL Policies do not provide coverage for the Underlying Lawsuit to any Defendant.**

52. Scuba Ranch denies the allegations in paragraph 52 as they pertain to it. Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 52 of the Complaint.

53. Scuba Ranch denies the allegations contained in paragraph 53 of the Complaint.

54. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 54 of the Complaint.

55. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 55 of the Complaint.

56. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 56 of the Complaint.

57. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 57 of the Complaint.

58. Scuba Ranch admits that it is listed as an additional insured on the Scuba Toys Policy No. GPL111-123813 and Knauer Policy No. PL111-119543. Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 58 of the Complaint.

59. The Complaint omits paragraph 59.

## V. CLAIM FOR DECLARATORY RELIEF

60. Paragraph 60 contains recitals for which no substantive response is required.

### A. CGL Policies

61. Scuba Ranch denies DAN's assertion that it has no duty to defend or indemnify Scuba Ranch for the Underlying Lawsuit under the CGL Policies. Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 57 of the Complaint.

62. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations related to Policy No. GL110-123899 (paragraph 62, subparagraph 1). Scuba Ranch denies the allegations as to Policy No. GL112-124624 (paragraph 62, subparagraph 2) and denies the allegations as to Policy No. GL112-124454 (paragraph 62, subparagraph 3).

### B. PL Policies

63. Scuba Ranch lacks sufficient knowledge to admit or deny the allegations contained in paragraph 63 of the Complaint.

64. Scuba Ranch denies that DAN is entitled to the declarations in subparagraph 1 and subparagraph 3. Scuba Ranch lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 64.

## VI. PRAYER

Scuba Ranch denies that DAN is entitled to any of the relief that it seeks.

## VII. AFFIRMATIVE DEFENSE

65. The underlying incident occurred on August 16, 2025. DAN confirmed receipt of notice from Scuba Ranch by letter dated August 22, 2025. The letter contained no reservation of rights. On November 13, 2025, DAN appointed defense counsel for Scuba Ranch and began defending, still without issuing any reservation of rights. It was not until June 5, 2026, after DAN had been defending Scuba Ranch for more than six months, that DAN finally issued a reservation of rights letter. The reservation of rights was untimely under Texas law. DAN's coverage defenses have been waived.

## PRAYER

Defendant Scuba Ranch prays that upon final trial and hearing, no recovery be had from it, that Defendant be awarded all costs and expenses incurred on its behalf, and for such other relief, both at law or in equity to which it may be entitled.

## SCUBA RANCH'S ORIGINAL COUNTERCLAIM

This counterclaim is asserted by Counterclaimant Scuba Ranch and Recreation Parks, LLC d/b/a The Scuba Ranch ("Scuba Ranch") against Counterdefendant DAN Risk Retention Group, Inc. ("DAN") pursuant to Federal Rule of Civil Procedure 13 and alleges as follows:

### I. PARTIES

1. Counterclaimant Scuba Ranch and Recreation Parks, LLC, d/b/a The Scuba Ranch ("Scuba Ranch") is a domestic limited liability company organized under the laws of the State of Texas and maintaining its principal place of business in Texas.

2. Counterdefendant DAN Risk Retention Group, Inc. ("DAN") is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business located in Charleston, South Carolina. DAN has previously made an appearance in this case by filing its Original Complaint for Declaratory Judgment [Dkt. 1].

### II. JURISDICTION AND VENUE

3. DAN has asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332, and Scuba Ranch does not object to this court exercising jurisdiction.

4. DAN has asserted that venue is proper in the Northern District of Texas under 28 U.S.C. 1391, and Scuba Ranch does not object to venue.

### III. FACTS

5. DAN issued policy number GL112-124642 to Scuba Ranch and Recreation Parks, LLC, d/b/a The Scuba Ranch for the policy period July 1, 2025 to July 1, 2026 (Policy").

6. The Policy provides a limit of liability of $1 million dollars per occurrence.

7. Scuba Ranch timely paid all premiums for the Policy, and it was in effect on August 16, 2025, the date of the underlying incident.

8. The Policy covers the premises where Scuba Ranch is located, namely 8131 CR 346, Terrell, Texas 76161.

9. The Policy contains an Insuring Agreement that states in pertinent part:

> We will pay those sums that the **Insured** becomes legally obligated to pay as damages because of **Bodily Injury** or **Property Damage** to which this insurance applies.

10. The Policy pays for **Bodily Injury** or **Property Damage** caused by an **Occurrence.**

11. In the underlying lawsuit, plaintiffs allege that they and DH suffered bodily injury caused by an occurrence.

12. The Policy contains a duty to defend any suit seeking those damages, with defense costs paid outside of the limit of liability.

13. The Policy contains no language giving DAN any right to recover or recoup any or all of the defense expenses it has paid to defend Scuba Ranch in the underlying lawsuit.

14. DAN has an obligation under the Policy to defend Scuba Ranch in the underlying lawsuit, and it is in fact, defending.

15. DAN has no right to recover or recoup any or all of the defense expenses it has paid to defend Scuba Ranch in the underlying lawsuit.

16. DAN alleges that the Professional Liability Exclusion precludes coverage for Scuba Ranch for the underlying lawsuit.

17. The Professional Liability Exclusion reads as follows:

> This insurance does not apply to **Bodily Injury** or **Property Damage** or **Personal and Advertising Injury** that arises out of the rendering or failure to render any professional services. Professional services include but are not limited to advice, instruction, supervision or direction in connection with a training program for either recreational or certification purposes, including but not limited to instruction or supervision in the activity of water skiing, jet skiing, operation of a boat, parasailing, hang gliding, paragliding, ultra-

> light flying, kite boarding, kite surfing, snow kiting, surfing, wake boarding, scuba diving, skin diving, swimming or any other recreational activity.

18. Scuba Ranch does not provide any of the "Professional Services" enumerated in the Professional Liability Exclusion. Accordingly, the Professional Liability Exclusion does not preclude coverage for Scuba Ranch in the underlying lawsuit.

19. The Policy purports to apply South Carolina law to the contract. The choice of law provision states:

> This insurance shall be subject to the law of the State of South Carolina with regard to any principles of law that might cause the law of another jurisdiction to apply.

20. Texas has a materially greater interest than South Carolina in the determination of coverage for a Texas insured with covered property located in the State of Texas. Application of South Carolina law to the Policy would offend the public policy of the State of Texas and therefore will not be enforced as to Scuba Ranch.

21. The Policy also contains a provision attempting to cap DAN's liability for payment of the full limit of liability under the Policy. This provision states:

> In the event that any claim or more than one claim shall be covered in whole or in part, under this policy, and any other policy issued by us, the total applicable limit of insurance shall not exceed the single largest limit of insurance under any policy. Such largest applicable limit of insurance shall apply only once to any single **Occurrence** or event. In no event shall the Limits of Insurance under two or more policies issued by us be stacked so as to obtain a limit of insurance that exceeds the highest applicable limit of insurance available under any one policy.

22. Texas law does not recognize the validity of an anti-stacking provision such as the one described above. To the contrary, such an anti-stacking provision offends the public policy of the State of Texas. Accordingly, the anti-stacking provision in the Policy will not be enforced against Scuba Ranch.

## IV. COUNT I—DECLARATORY JUDGMENT

23. Scuba Ranch incorporates each of the allegations in the foregoing paragraphs as if fully set forth herein.

24. An actual, present, and justiciable controversy exists between the parties concerning contract interpretation as it relates to Policy No. GL112-124624, issued by DAN Risk Retention Group to Scuba Ranch and Recreation Parks, LLC for the policy period of July 1, 2025 through July 1, 2026.

25. A declaration of the parties' rights and obligations will resolve uncertainty and controversy with respect to the Policy.

26. Scuba Ranch seeks a judicial declaration that:

a. The Policy is not subject to the law of South Carolina; instead, Texas law governs the Policy. Because the choice of law provision is contrary to the public policy of the State of Texas, it is unenforceable.

b. The anti-stacking provision found in section III.8. of the Policy is unenforceable as against Texas public policy. The full policy limit of $1 million dollars is available to Scuba Ranch without any caps or restrictions based on the anti-stacking provision.

c. The professional liability exclusion found in section I.2.t. of the Policy is not applicable to Scuba Ranch and does not preclude coverage for Scuba Ranch in the underlying lawsuit.

d. Because the coverage defenses DAN has raised are inapplicable to exclude coverage for Scuba Ranch under the Policy, DAN has a continuing duty to defend and pay defense expenses outside the limit of liability.

e. DAN has no legal right to recover or recoup any defense expenses it has already paid to defend Scuba Ranch in the underlying lawsuit, and it has no right to recover or recoup any defense expenses it will pay in the future.

## COUNT II - TEXAS INSURANCE CODE VIOLATIONS

27. Scuba Ranch incorporates each of the allegations in the foregoing paragraphs as if set forth fully herein.

28. According to Sections 541.051 and 541.060 of the Texas Insurance Code, it is an unfair and deceptive act or practice in the business of insurance to make misrepresentations regarding the facts, the policy, its coverage, its benefits, and its application to the facts. For more than six months, DAN provided a defense to Scuba Ranch without disclosing any potential coverage defenses or limitations, so Scuba Ranch believed that full coverage was available. Much later, however, in its first reservation of rights letter dated June 16, 2026, DAN reversed its position and claimed there was no coverage at all for Scuba Ranch. In addition, it made numerous misstatements to Scuba Ranch, including, but not limited to the following:

a. "DAN does not believe it has any duty to defend or indemnify Scuba Ranch under the terms of the CGL Policies."

b. "All of the claims asserted against Scuba Ranch in the Lawsuit are excluded from coverage based on the Professional Liability Exclusion, and DAN has no obligation to defend or indemnify Scuba Ranch under the terms of any CGL policy."

c. "Nevertheless, should the CGL Policies provide coverage for the Lawsuit, Scuba Ranch's recovery under the CGL Policies would be limited to the highest applicable limits contained in any one policy."

d. "DAN reserves the right to seek reimbursement of the costs and expenses it incurs in defending you in the Lawsuit to the extent that DAN or a court determines that a duty to defend was not owed to you."

29. Scuba Ranch has been damaged by these violations of the Texas Insurance Code.

30. DAN's conduct was committed knowingly, thus entitling Scuba Ranch to recover treble damages under Section 541.152 of the Texas Insurance Code.

**COUNT III – ATTORNEY'S FEES**

31. Scuba Ranch incorporates each of the allegations in the foregoing paragraphs as if fully set forth herein.

32. Scuba Ranch was forced to engage legal counsel to prosecute the claims set forth in these counterclaims. Accordingly, Scuba Ranch is entitled to recover its attorney's fees and expenses under Section 541.152 of the Texas Insurance Code.

33. As is customary in the Northern District of Texas, Scuba Ranch anticipates that the issue of attorney's fees and expenses, if applicable, will be decided by the Court on motion after trial pursuant to Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure.

## V. JURY DEMAND

34. Scuba Ranch demands a trial of this case, including the counterclaim, by jury.

## PRAYER

Counterclaimant Scuba Ranch respectfully requests that the Court:

a) declare the rights and obligations of Scuba Ranch and DAN under the Policies and applicable law; and

b) award Scuba Ranch actual and treble damages for DAN's violations of the Texas Insurance Code; and

c) award Scuba Ranch its attorneys' fees and costs of court as allowed under the Texas Insurance Code.

Scuba Ranch requests all further relief to which it may be entitled.

Dated: August 20, 2026.

Respectfully submitted,

By: */s/ Beverly Godbey*

Beverly Godbey
State Bar No. 02068600
beverly@amystewartlaw.com
Meggan Burchfield
State Bar No. 24038753
meggan@amystewartlaw.com
**AMY STEWART PC**
5307 E. Mockingbird Lane, Suite 425
Dallas, Texas 75206
Telephone: (214) 233-7076
Facsimile: (214) 975-2806

**ATTORNEYS FOR DEFENDANT SCUBA RANCH AND RECREATION PARKS, LLC d/b/a THE SCUBA RANCH**

## CERTIFICATE OF SERVICE

I do hereby certify that on August 20, 2026, a true and correct copy of the foregoing was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case.

By: */s/ Beverly Godbey*
Beverly Godbey

4919-8318-1245, v. 1